UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORINE HOLMES,

       Plaintiff,                              CIVIL ACTION NO. 07-12608

      v.                                    DISTRICT JUDGE ARTHUR J. TARNOW

OFFICER YANTY[1], WAYNE            MAGISTRATE JUDGE VIRGINIA MORGAN
COUNTY AIRPORT POLICE,
COUNTY OF WAYNE,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This matter comes before the court on (1) Defendant Yanty's Motion to Dismiss Under Fed. R. Civ. Pro. 12(b)(1) (D/E #5) and (2) Defendant Wayne County Airport Police's Amended Motion to Dismiss (D/E #8). For the reasons stated below, this court recommends that defendants' motions be **GRANTED**. Additionally, the court recommends that the claim against defendant Wayne County be dismissed *sua sponte*.

### II. Background

This case arises out of an incident that occurred on April 24, 2007 and the facts do not seem to be in dispute. On that date, plaintiff lent his car to his niece (Plaintiff's Statement to Police, attached as Exhibit D to Plaintiff's Complaint). Instead of a State of Michigan plate,

---

[1] Considering how defendants label their motions, it appears that plaintiff misidentified one of the defendants as "Yanty" instead of "Yanity." Nevertheless, for the sake of consistency within the docket report, this report and recommendation will use "Yanty" as well.

-1-

plaintiff's car had a "Moorish American Nation" license plate affixed to the rear of it (Yanty's Affidavit, attached as Exhibit C to Yanty's Motion to Dismiss, ¶ 3). Specifically, the license plate stated "Moorish American Nation U.C.C. 2005163478-9 Treaty of Peace and Friendship #244-1 AA222141 Diplomat." (Yanty's Affidavit, attached as Exhibit C to Yanty's Motion to Dismiss, ¶ 4).[2]

Defendant Yanty, a Wayne Airport Authority Police Officer, initiated a traffic stop and cited plaintiff's niece for driving an unregistered motor vehicle and for improper license violation (Citation, attached as Exhibit G to Yanty's Motion to Dismiss). Yanty subsequently impounded plaintiff's vehicle as an abandoned vehicle pursuant to MCL 257.252(a)(2) (Arrest Report, attached as Exhibit B to Yanty's Motion to Dismiss). Plaintiff arrived on the scene before the vehicle was taken away, but he was unable to prevent the impoundment (Plaintiff's Statement to Police, attached as Exhibit D to Plaintiff's Complaint).

Plaintiff originally filed this action in a Michigan state court, but it was removed to federal court on June 19, 2007 (D/E #1). The complaint in this case is rambling and unclear. Plaintiff mentions a number of different grounds as a basis for relief, including his right to use property (p. 4), his rights as a "Sovereign Moor" (p. 9), the Foreign Sovereign Immunities Act (p. 12, p. 18), First Amendment to the United States Constitution (p. 13), Alien Tort Claims Act of 1789 (p. 13), 18 U.S.C. §§ 241-242 (p. 14), his right to movement (p. 19), treaty violations (p. 20), right to travel (pp. 20-21), due process (pp. 36-40), and the Full Faith and Credit Clause (p. 44). More specifically, it appears plaintiff is arguing that defendants violated his constitutional right to due process by seizing plaintiff's car and the basis for plaintiff's argument appears to be

---

[2]A copy of the license plate is attached as exhibit A to Yanty's motion to dismiss.

that he is immune from Michigan's license plate laws because he is a foreign sovereign or a foreign diplomat.[3]

On July 30, 2007, Yanty filed his motion to dismiss (D/E #5). In that motion, Yanty argues that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure because the allegations in the complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion. Plaintiff has not filed a response to Yanty's Motion.

On August 16, 2007, Airport Police filed its motion to dismiss (D/E #8). In that motion, Airport Police argue that plaintiff cannot sue the Wayne County Airport Police department because it is not a separate legal entity. Airport Police also incorporated Yanty's argument that plaintiff's complaint should be dismissed because it is frivolous. Plaintiff did not file a response to Airport Police's Motion to Dismiss.

### III. Standard of Review

Both defendants move for dismissal pursuant to Fed. R. Civ. Pro. 12(b)(1). Fed. R. Civ. Pro. 12(b)(1) provides, in part, for dismissal for lack of subject matter jurisdiction where a claim is "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999).

Airport Police also moves for dismissal pursuant to Fed. R. Civ. Pro. 12(b)(6). A motion to dismiss under Rule 12(b)(6) "tests whether a cognizable claim has been pleaded in the complaint." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). In

---

[3]Plaintiff's complaint is also confusing because often refers to plaintiff as "defendant" while arguing against an unlawful prosecution of plaintiff.

considering whether to grant a defendant's motion to dismiss pursuant to Rule 12(b)(6) a district court must accept as true all the allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff. Kottmyer v. Maas, 436 F.3d 684, 688 (6th Cir. 2006). A district court need not, however, accept as true legal conclusions or unwarranted factual inferences. Kottmyer, 436 F.3d at 688.

In the traditional view, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Kottmyer, 436 F.3d at 688, quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Recently, however, the Supreme Court revised the "no set of facts" portion of the Rule 12(b)(6) standard in Bell Atlantic Corp. v. Twombly, __ U.S. __, __, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Twombly held that the "famous" no-set-of-facts formulation "has earned its retirement," and instead dismissed the plaintiff's antitrust-conspiracy complaint because it did not contain facts sufficient to "state a claim to relief that is plausible on its face." 127 S. Ct. at 1974. This standard of review does require more than the bare assertion of legal conclusions. Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir.1996). As described in Twombly:

> [A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true. [Twombly, 127 S.Ct. at 1964-65 (citing Fed.R.Civ.P. 8(a)).]

Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d

80 (1957) (abrogated on different grounds by Twombly, 127 S.Ct. 1955). In application, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Lillard, 76 F.3d at 726 (citation omitted). A court cannot grant a motion to dismiss under Rule 12(b) (6) based upon its disbelief of a complaint's factual allegations. Wright v. MetroHealth Med. Ctr., 58 F.3d 1130, 1138 (6th Cir.1995).

## IV. Discussion

### A. Yanty's Motion to Dismiss

As discussed above, while plaintiff's complaint is rambling and unclear, it appears he is arguing that defendants violated his constitutional right to due process by seizing his car and the specific basis for plaintiff's argument appears to be that he is immune from Michigan's license plate laws because he is a foreign sovereign or foreign diplomat. However, as provided by Yanty's exhibits, the United States State Department has never issued registration or a license tag to any entity known as the "Moorish American Nation" (Exhibit H to Yanty's Motion to Dismiss), nor is plaintiff a recognized diplomat (Exhibit J to Yanty's Motion to Dismiss). Given those exhibits, plaintiff clearly has no basis for his claimed diplomatic or sovereign nation status and, consequently, his claim against Yanty should be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(1) because it is totally implausible, attenuated, unsubstantial and frivolous.

### B. Airport Police's Motion to Dismiss

As a preliminary matter, it should be noted that defendant Airport Police incorporated Yanty's arguments and that the claim against it should also be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(1) as totally implausible, attenuated, unsubstantial and frivolous.

In the alternative, the claim against Airport Police should also be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff cannot sue a police department because it is not a separate legal entity. See <u>Pierzynowski v. Police Department of City of Detroit</u>, 941 F.Supp. 633, 637 (E.D. Mich. 1996) (construing a claim against the City of Detroit Police Department as a claim against the City of Detroit because the police department was not a legal entity against which a suit can be directed and, instead, was merely a creature of the City of Detroit); <u>Haverstick Enterprises v. Financial Fed. Credit</u>, 803 F.Supp. 1251, 1256 (E.D. Mich.1992) (dismissing the claim against the police department defendant because it is not a legal entity against whom a suit can be directed.

**C. Wayne County**

While nothing is pending before the court with respect to defendant Wayne County, the court should dismiss the claim against it *sua sponte* pursuant to 28 U.S.C. § 1915. The pertinent provisions of 28 U.S.C.A. § 1915 read as follows:

> (a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.
> . . .
> (d) The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

In this case, plaintiff is proceeding *in forma pauperis* (D/E #4) and, as discussed above, his claims are clearly frivolous. Thus, the requirements for dismissal pursuant to 28 U.S.C. § 1915 have been met and the claim against Wayne County should be dismissed.

## V. Conclusion

For the reasons discussed above, the court recommends that defendants' motions be **GRANTED** and that all defendants be dismissed from this action. Yanty should be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(1), Airport Police should be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(1) or 12(b)(6), and Wayne County should be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                                 s/Virginia M. Morgan
                                                 Virginia M. Morgan
                                                 United States Magistrate Judge

Dated:  February 13, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on February 13, 2008.

                                                 s/Jane Johnson
                                                 Case Manager to
                                                 Magistrate Judge Virginia M. Morgan